## Geary v. Mt. Lebanon Golf Club

*Martin E. Geary*, for plaintiff.

*Dickie, McCamey, Chilcote, Reif & Robinson*, for defendant.

McNAUGHER, P. J., February 21, 1957.—We have before us for disposition defendant's preliminary objections to a complaint in equity.

In his complaint plaintiff avers that he became a senior member of defendant golf club on or about October 15, 1951, receiving a certificate of membership for which he paid the prescribed amount of $300; that he resigned his membership effective December 31, 1955, setting forth in his notice of resignation that he would be willing to sell the membership certificate for $500 and asking that defendant's waiting list of prospective members be so informed; that defendant acknowledged receipt of the resignation and stated: "The market and selling price of membership certificates is still $300. Please advise if you wish for us to dispose of your membership at this figure"; that after further negotiations defendant through its board of directors

notified plaintiff that unless he had arranged to transfer his certificate he should surrender it to the club; that March 19, 1956, plaintiff informed defendant that he had made arrangements with one J. W. Lancaster to assign the certificate to him and that the latter had made application to the club for admission as a senior member; that Lancaster was later notified by defendant that he was eligible to join the club as a social member but not as a senior member and thereafter he withdrew his application; that this action on the part of defendant constituted conspiracy to deprive plaintiff of a fair and reasonable sales price of his membership; that after further negotiations defendant notified plaintiff that his certificate of membership was cancelled and that a new certificate was issued. A check for $300 was thereupon sent him as the amount to which he was entitled and plaintiff returned it, stating that the action of the board of directors was arbitrary and illegal. Following this he brought the complaint in equity, praying that the cancellation of his certificate be set aside, that his offer to sell his certificate for $500 be submitted to the list of applicants waiting to join defendant club, and that the court appoint a master to determine the fair and reasonable value of plaintiff's equity in the club.

Defendant's preliminary objections are as follows:

(1) That the complaint fails to state a cause of action upon which relief may be granted, inasmuch as it included the admission that defendant had complied with article IX, sec. 3, of its bylaws.

(2) That equity does not have jurisdiction to determine the fair and reasonable value of the certificate of membership of defendant and does not have the power to appoint a master to determine said value.

(3) That under article IX, sec. 3, aforesaid, the right to fix the value of the membership certificate rests solely with the board of directors of defendant.

The complaint sets forth section 3 of article IX of defendant's bylaws as follows:

"Section 3. In the event of the resignation of the holder of a.membership certificate he, unless such certificate has been previously transferred to a person approved for Senior membership, shall surrender such certificate to the Club if requested by the Board of Directors. Upon the surrender of such certificate the holder thereof shall be entitled to the payment of the amount fixed by the Board of Directors at the January meeting of said Board for that calendar year as the purchase price of certificates which may be called for surrender during said year, less any and all indebtedness due and owing to the Club. Upon resignation of a member no further dues shall be chargeable against such certificate beyond the year in which the resignation is submitted."

It is well settled that by voluntary acceptance of membership in an association a member binds himself to abide by such bylaws as shall be lawfully adopted. But plaintiff alleges that the board of directors engaged in a conspiracy to deprive him of a fair and reasonable sales price for his membership. Such a position cannot be sustained. There is nothing in the pleadings to support it, and on the contrary it appears that the board of directors actually followed the provisions of the bylaws. Plaintiff is not entitled to have the question opened as to what was a fair and reasonable value of plaintiff's membership certificate.

Defendant's preliminary objections will be sustained and plaintiff's complaint dismissed.

### Order

And now, to wit, February 21, 1957, defendant's preliminary objections are hereby sustained and plaintiff's complaint is hereby dismissed.